UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL R. MANIZAK, #193140,

        Plaintiff,

v.                                CASE NO. 2:13-CV-11274
                                HONORABLE GEORGE CARAM STEEH

ANDREW KELLEY, et al.,

        Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  INTRODUCTION

    This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983.  In his complaint,

Michigan prisoner Paul R. Manizak ("Plaintiff") challenges his state criminal proceedings, asserting

claims of illegal search and seizure, false arrest, false imprisonment, malicious prosecution, lack of

probable cause, violations of due process and equal protection, deprivation of liberty, lack of

jurisdiction, misconduct, conspiracy, perjury, and suppression of evidence.[1]  Plaintiff names four

Canton police officers, the Canton Police Department, two state judicial officers, and three state

prosecutors as the defendants in this action.  He sues the police officers and the police department

in their official and individual capacities and sues the remaining defendants in their personal

capacities.  Plaintiff seeks compensatory and punitive damages.  The Court has granted Plaintiff

_____

[1]Plaintiff was convicted of receiving and concealing a stolen motor vehicle, Mich. Comp.
Laws § 750.535(7), in the Wayne County Circuit Court and was sentenced as a fourth habitual
offender, Mich. Comp. Laws § 769.12, to serve 4 to 20 years imprisonment in December, 2012.
*See* Offender Profile, Michigan Offender Tracking Information System ("OTIS"),
http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=193140.

leave to proceed without prepayment of the filing fee for this action.  *See* 28 U.S.C. § 1915(a)(1).

## II.  LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III.  DISCUSSION

### A.  Criminal Proceedings Claims

Plaintiff's claims concerning his state criminal proceedings as to all of the defendants are subject to summary dismissal because he has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's

§ 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail on his claims concerning the validity of his criminal proceedings, his conviction and continued confinement would be called into question. Consequently, such claims are barred by *Heck* and must be dismissed.

### B. Absolute Immunity for State Prosecutors and Judges

Plaintiff names three state prosecutors, Eric Sterbis, Kristen Capling, and Thomas Beatle, and two state judicial officers, Michael Geron and Daniel Hathaway, as defendants in this action and sues them for damages in their individual capacities. Plaintiff's claims against those defendants are also subject to dismissal based upon absolute prosecutorial and judicial immunity.

The defendant prosecutors are entitled to absolute immunity on Plaintiff's claims against them in their individual capacities for damages. It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009). This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for arrest warrants, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), and the decision to file a criminal complaint. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). It even applies when

a prosecutor acts wrongfully or maliciously.  *See, e.g., Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to the grand jury).  The defendant prosecutors are entitled to absolute immunity on any personal claim for damages arising from their actions as advocates in Plaintiff's criminal proceedings.

The defendant judges are similarly entitled to absolute immunity on Plaintiff's claims against them in their individual capacities.  Judges are entitled to absolute judicial immunity on claims for monetary damages under 42 U.S.C. § 1983.  *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).[2]  Plaintiff's claims against the defendant judges concern the performance of their judicial duties.  They are thus entitled to absolute judicial immunity for their actions.

## IV.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted regarding his criminal proceedings as to all of the defendants and that defendants Sterbis, Capling, Beatle, Geron, and Hathaway are entitled to prosecutorial and judicial immunity, respectively.  Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C.

---

[2]The Court notes that the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief.  *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006).

§§ 1915(e)(2) and 1915A(b).[3] Lastly, the Court concludes that an appeal from this opinion and order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

Dated:  April 22, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 22, 2013, by electronic and/or ordinary mail and also on
Paul Manizak # 193140, G. Robert Cotton Correctional Facility,
3500 N. Elm Road, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk

---

[3]The Court notes that Plaintiff has previously filed a similar civil rights complaint against the same defendants challenging his state criminal proceedings (and raising additional claims against other defendants) which was dismissed in part for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See Manizak v. Kelley, et al.*, No. 2:13-CV-10346 (E.D. Mich. Feb. 28, 2013). To the extent that Plaintiff re-asserts those same dismissed claims, his complaint is also subject to dismissal based upon the doctrine of *res judicata*. *See, e.g., Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (discussing four elements); *see also Butts v. Wilkinson*, 145 F.3d 1330, 1998 WL 152778, *1 (6th Cir. 1998) (unpublished) (upholding dismissal of prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A based upon *res judicata* doctrine).

-6-